IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES KUCINSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-617-NJR |
| ) | |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| NURSE SCHAFFER, NURSE ) | |
| KURMICLE, LORIE CUNNINGHAM, ) | |
| JOHN DOES DOCTORS, and JANE ) | |
| DOES NURSES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Charles Kucinsky, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plaintiff alleges Defendants were deliberately indifferent in treating his broken leg, in violation of the Eighth Amendment. He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1): On May 26, 2018, Plaintiff broke his leg (Doc. 1, p. 10). From May 26 to May 28, 2018, he asked the Jane Doe Nurse #1[1] who visited his cell for pain medication and medical attention for his leg (*Id.*). He told her that he was in extreme pain and could not put weight on the leg. Although she told him she would see what she could do, Plaintiff did not receive any treatment for his leg.

During the week of either May 28, 2018, or June 2, 2018, Plaintiff also saw Nurse Kurmicle (Doc. 1, p. 11). He also informed her of his broken leg, extreme pain, and inability to place weight on the leg. She told him he would only receive care if he filled out a sick call pass. During that same week, he also requested care from Nurse Schaffer. She told him giving pain medication was above her pay grade and he needed to fill out a sick call request (*Id.*). He also requested care from Jane Doe Nurse #1 during this time period but never received care.

On June 5, 2018, Plaintiff was seen by John Doe Doctor #1. John Doe Doctor #1 refused to provide Plaintiff with pain medication despite Plaintiff complaining of extreme pain. Plaintiff also asked for a low gallery permit which was denied. On June 7, 2018, he was seen again by John Doe Doctor #1.[2] Again the doctor denied him pain medications and a low gallery permit and informed Plaintiff that he only had arthritis in the leg (*Id.* at p. 12). He also alleges that Lorie Cunningham was personally aware of his need for emergency medical treatment due to the various grievances that he filed, but she failed to provide him with any care (*Id.* at p. 15). Thirty days after

---

[1] It is not clear whether Plaintiff saw the same nurse every day or a different nurse on each occasion. At this time, the Court will label the nurse as Jane Doe Nurse #1 and will allow for discovery into the identities of the Jane Does.

[2] Again, it is unclear from the Complaint whether Plaintiff saw the same doctor or different doctors. For now, the Court will label the doctor as John Doe Doctor #1.

breaking his leg, he was finally sent to an outside hospital for care but alleges that he has a permanent injury (*Id*. at p. 15).

Plaintiff also alleges that his inability to receive timely care was a result of several policies put in place by Wexford Health Sources, Inc. ("Wexford") including: policies requiring a medical co-payment for emergency issues and not responding to requests for emergency medical care by delaying and denying treatment to avoid costs of said care (Doc. 1, p. 14).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Nurse Schaffer, Nurse Kurmicle, Lorie Cunningham, Jane Doe Nurse #1, and John Doe Doctor #1 for failing to properly treat Plaintiff's broken leg.

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc., for enacting policies which prevented Plaintiff from receiving emergency medical care.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

At this stage, the Court finds that Plaintiff states a viable deliberate indifference claim in Count 1 against Nurse Schaffer, Nurse Kurmicle, Jane Doe Nurse #1, John Doe Doctor #1, and Lorie Cunningham. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). To

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the extent Plaintiff alleges that Cunningham is also liable because she is in charge of healthcare and the staff at Lawrence, that claim is **DISMISSED without prejudice** because *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Cunningham remains a defendant in the case to the extent Plaintiff allege she was informed of his need for care and failed to provide care.

Plaintiff also states a viable claim in Count 2 against Wexford for their policies and practices. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 822 (7th Cir. 2009) (quoting *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008)).

To the extent Plaintiff sues the unknown nurse and doctor, the Court **ADDS** Deanna Brookhart (the current warden of Lawrence), in her official capacity only for the purposes of responding to discovery to identify these individuals. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of their generic designations in the case caption and throughout the Complaint.

## Pending Motions

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written three attorneys who failed to respond to his request for counsel. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[4] Further, counsel is not needed

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Count 1 shall proceed against Nurse Schaffer, Nurse Kurmicle, Lorie Cunningham, Jane Doe Nurse #1, and John Doe Doctor #1. Deanna Brookhart (official capacity only) is **ADDED** to the case for the sole purpose of identifying the unknown defendants. Count 2 shall proceed against Wexford.

The Clerk of Court shall prepare for Defendants Nurse Schaffer, Nurse Kurmicle, Lorie Cunningham, Wexford, and Deanna Brookhart (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Brookhart is only in the case to identify the unknown defendants, she does not need to file an Answer. Further instructions on identifying the unknown defendants will be provided by separate order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  8/19/2020**

     _____
     **NANCY J. ROSENSTENGEL**
     **Chief U.S. District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**