IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES KUCINSKY,

    Plaintiff,

v.

FAIYAZ AHMED,

    Defendant.

Case No. 3:20-CV-00617-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration by Plaintiff Charles Kucinsky (Doc. 53). For the reasons set forth below, the Court denies the Motion.

Here, Kucinsky takes issue with the Court's Order of May 6, 2021, which granted Motions for Summary Judgment by certain former defendants in this action, finding that Kucinsky had only exhausted his administrative remedies as to Defendant Faiyaz Ahmed and dismissing all other defendants (Doc. 50). Kucinsky now asks the Court to reconsider that order, arguing that (1) the Court should have held an evidentiary hearing, (2) he in fact filed grievances that mentioned defendants other than Ahmed, and (3) Defendants waived the right to argue that he failed to exhaust administrative remedies.

Motions for reconsideration are only appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

To start, the Court notes that the former defendants did in fact raise administrative

exhaustion in their answers to the complaint; accordingly, Kucinsky's argument that they waived that defense has not merit (Doc. 20 at 2, 21 at 2, 22 at 2). As for holding an evidentiary hearing, a hearing would be warranted if there was a contested issue of fact and the court felt that permitting oral arguments might aid the Court in arriving at a decision. Here, there was not a contested issue of fact. While Kucinsky argues that he drafted a grievance on June 4, 2018, the former defendants did not argue with this contention that he wrote the grievance in question—they merely indicated that it was never formerly entered into the grievance system, never acted upon, and thus could not serve as a basis for administrative exhaustion. The Court took the same approach in its Order—while Kucinsky argues that the Court mistakenly failed to take note of his grievance of June 4, 2018. This is not accurate; the Court did note that he filed such a grievance with his complaint, but observed that there was not indication that the grievance had ever been submitted, entered into the formal grievance process, or actually considered by a counselor. Accordingly, it could not serve as a basis for administrative exhaustion. The Court stands by this finding and does not think that there is sufficient doubt regarding the grievance of June 4, 2018, such that an evidentiary hearing would be warranted.

Accordingly, the Court **DENIES** the Motion for Reconsideration (Doc. 53).

**IT IS SO ORDERED.**

**DATED:  July 12, 2021**

_Nancy J. Rosenstengel_
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**