IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES KUCINSKY,<br><br>        **Plaintiff,**<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., BRIDGETT SHAFER, HAYLEY KERMICLE, LORIE CUNNINGHAM, FAIYAZ AHMED, JANE DOE NURSE #1, and DEE DEE BROOKHART,<br><br>        **Defendants.** | Case No. 3:20-CV-00617-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are two Motions for Reconsideration filed *pro se*[1] by Plaintiff Charles Kucinsky. (Docs. 94, 95). The Court granted summary judgment for the sole remaining defendant—Dr. Faiyaz Ahmed—on September 5, 2024. (Doc. 92). On the same day, the Court entered judgment and closed the case. (Doc. 93). On October 28, 2024,[2] Kucinsky filed his first Motion for Reconsideration as to the Court's Order granting

---

[1] Of note, Kucinsky was represented by counsel during discovery. His appointed counsel responded to a Motion for Summary Judgment filed by Defendant Ahmed that was ultimately granted by the Court. (*See* Docs. 74, 90, 92).

[2] The filing was received by the Court on October 28, 2024, and was post-marked on October 26, 2024. (Doc. 94). Based on the handwritten "Proof of Service" included in the motion, Kucinsky appears to claim that he deposited the motion to the Shawnee Mail System on October 1, 2024. (*Id.* at p. 10). This could implicate timeliness concerns, because a motion under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). But for the purposes of this motion, the Court will analyze it as if it was timely filed. And because the two pending motions are identical, there is no need to separately address the second motion or its timeliness.

summary judgment in favor of Defendant Ahmed. (Doc. 94). He filed another Motion for Reconsideration on December 6, 2024, which is a copy of the same document as his original motion. (Doc. 95). Defendant Ahmed did not respond to either motion. For the reasons set forth below, the Court denies both Motions for Reconsideration.

While the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, the Seventh Circuit has permitted district courts to construe such motions as having been filed pursuant to Rule 59(e) or Rule 60(b) when such motions challenge the merits of a district court decision. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United Staes v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

Rule 59(e) allows a court to alter or amend a judgment to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht*, 517 F.3d at 494. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). It is well-established that relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). "Reconsideration is not an appropriate forum for rehashing previously rejected

arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). In sum, "[a] motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Battle v. Smoot*, No. 17-1165, 2018 WL 2604855, at *2 (S.D. Ill. June 4, 2018).

Under the requirements of either Rule 59(e) or 60(b), Kucinsky's motions fail. None of the arguments raised by Kucinsky convince the Court there was a misunderstanding, error, a change of law, newly discovered facts, or any other reason that warrants reconsideration. Kucinsky simply attempts to rehash previously rejected arguments from his Response to the Motion for Summary Judgment. His attorneys vigorously argued all of the factual and legal arguments that Kucinsky raises now. The Court thoroughly reviewed and considered those arguments and determined that, ultimately, they were unavailing.

Aside from challenging this Court's decision on summary judgment as a whole, Kucinsky faults the Court for improperly including a credibility determination in its Order. Kucinsky is correct that, on summary judgment, courts cannot weigh the evidence or make credibility determinations. He argues that the Court credited Defendant Ahmed's testimony over his. But this is not true. In its Order, the Court applied the law to the facts of the case and determined that no reasonable jury could determine that

Defendant Ahmed acted with deliberate indifference while treating Kucinsky's injury and pain. The Court did not weigh the evidence, instead, it found that Kucinsky did not meet his burden of establishing a triable Eighth Amendment claim with respect to Defendant Ahmed.

The Court remains persuaded that its grant of summary judgment was correct. As such, Kucinsky's Motion for Reconsideration (Doc. 94) is **DENIED.** His subsequent Motion for Reconsideration (Doc. 95) is also **DENIED as moot** for raising identical arguments to his first motion.

**IT IS SO ORDERED.**

DATED:  April 3, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**